UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALYSON THOMAS,<br><br>        Plaintiff,<br><br>  v.<br><br>ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT,<br><br>        Defendant. | Case No.: C 07-0790 PVT<br><br>**ORDER GRANTING DEFENDANT ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT'S MOTION TO TRANSFER CASE TO A PROPER VENUE** |

## INTRODUCTION

Defendant Antelope Valley Union High School District ("AVUHSD") initially moved to quash service and dismiss on the grounds of insufficient service and lack of personal jurisdiction. Defendant AVUHSD further moved to dismiss or alternatively, for transfer to a proper venue. Plaintiff Alyson Thomas ("Thomas") opposed the motion. Pursuant to an interim order of July 27, 2007 and in accordance with the spirit of Federal Rule of Civil Procedure 4(d), defendant AVUHSD served notice of its waiver of service of the summons. Accordingly, defendant's motion to quash service and dismiss on the grounds of insufficient service and lack of personal jurisdiction is moot. However, defendant moves to dismiss or alternatively, for transfer to a proper venue. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the

court grants defendant AVUHSD's motion for transfer to proper venue.[1]

## BACKGROUND

Plaintiff Thomas was previously employed as a math teacher at Lancaster High School in the Antelope Valley Union High School District. She was hired on February 22, 2005 and initially placed on probationary status for the 2005-2006 academic year. Apparently based on various internal reviews and observations of her performance in the classroom, plaintiff's academic appointment was terminated in or around February 2006.

On February 7, 2007, plaintiff Thomas filed a complaint alleging claims, *inter alia,* for violations of Title VII. Her complaint was filed in the Northern District of California.

On June 25, 2007, defendant AVUHSD filed a motion to quash service and dismiss on the grounds of insufficient service and lack of personal jurisdiction. Defendant AVUHSD further moved to dismiss, or alternatively, moved for transfer to a proper venue. On July 16, 2007, plaintiff Thomas filed an opposition to the motion. On July 17, 2007, defendant filed its reply. Pursuant to a July 27, 2007 interim order and in accordance with the spirit of Federal Rule of Civil Procedure 4(d), defendant AVUHSD waived service of the summons.

## DISCUSSION

Defendant moves to dismiss or alternatively, moves for transfer to a proper venue. Defendant argues that the employment discrimination claims arise from alleged facts which occurred in Lancaster, California. Moreover, defendant maintains the relevant records pertaining to plaintiff's employment in Lancaster, California. Lancaster, California is situated in the Central District of California and therefore, defendant argues that that district is the proper venue for the action. Aside from plaintiff's current residence in Monterey County, which is in the Northern District of California, none of the alleged facts relate to events there.

Plaintiff appears pro se and contends that the informational materials provided to her by the EEOC did not specify what constituted a proper venue. Because she was unaware of a proper venue, plaintiff admits that she selected the court to file her claims based on its proximity to her

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

residence.

"Title VII [] provides that '[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern' employment discrimination actions." *Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587 (9th Cir. 1991). Section 2000e-5(f)(3) of Title VII states in pertinent part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged employment practice.

All the alleged facts that form the basis of the complaint arise in Lancaster, California. Plaintiff was employed and all relevant employment records are maintained in Lancaster, California. Moreover, plaintiff would have continued to work in Lancaster, California but for the alleged unlawful employment practices. And defendant's principal offices are located in Lancaster, California. Lancaster, California is located in the Central District of California. Therefore, the proper venue for the action is the Central District of California. *See, e.g., Johnson v. Payless Drug Stores Northwest, Inc.,* 902 F.2d 586 (9th Cir. 1990).

To cure the filing of an action in the wrong district court, a court may dismiss, or if it be in the interest of justice, transfer the case to the district where the action could have been brought. 28 U.S.C.A. § 1406(a). Plaintiff is pro se and was unaware of what constituted a proper venue to file her action. *Compare Johnson v. Payless Drug Stores Northwest, Inc.* 950 F. 2d at 588 (plaintiff did not seek to transfer to the appropriate venue and instead stated that '[i]t simply will not be done and it isin't necessary'). Plaintiff does not expressly oppose a transfer of the action to a proper venue. Additionally, there is no evidence that plaintiff filed the action in the wrong district in obvious error or to engage in forum shopping. Finally, there may be bar of the statute of limitations in the event the action is dismissed. Defendant has moved to dismiss or alternatively, moved to transfer to a proper venue. In balancing the equities of the case, the court finds that in the interests of justice, a transfer of the action is warranted.

## CONCLUSION

For the foregoing reasons, defendant AVUHSD's motion to transfer to a proper venue is

1  granted. The case shall be transferred to the Central District of California. The Case Management
2  Conference previously continued to October 16, 2007 is off-calendar.
3  Dated: *August 10, 2007*

  *Patricia V. Trumbull*
  _____
  PATRICIA V. TRUMBULL
  United States Magistrate Judge

*Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

<u>copies mailed on August 10, 2007  to:</u>

Alyson Thomas
34 Huerta Street
Greenfield, CA  93927

        __EunHae Park for_____
        CORINNE LEW
        Courtroom Deputy